UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARCUS EVANS and RODERICK
SIMMONS,

    Plaintiffs,

vs.

ASSET MONITORING SOLUTIONS, INC., a
Florida profit corporation, and STUART J.
BUDD, an individual,

    Defendants.
_____/

COMPLAINT

## **COMPLAINT**

COME NOW Plaintiffs MARCUS EVANS and RODERICK SIMMONS ("Plaintiffs"), who were employees of Defendants ASSET MONITORING SOLUTIONS, INC., a Florida profit corporation, and STUART J. BUDD, an individual (together, "Defendants"), and file this Complaint for unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*.

### I. **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiffs' federal question claims.

1

## II.   PARTIES

3. Plaintiff MARCUS EVANS ("Evans") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Plaintiff RODERICK SIMMONS ("Simmons") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant ASSET MONITORING SOLUTIONS, INC. ("Asset Monitoring") is a Florida profit corporation which employed Plaintiffs, located at 11098 Biscayne Boulevard, North Miami, Miami-Dade County, Florida.

6. Defendant STUART J. BUDD ("Budd"), an individual and *sui juris*, is a manager and owner of Asset Monitoring. Budd acted directly and indirectly in the interest of Asset Monitoring and had the power to direct employees' actions. Budd had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Asset Monitoring in accordance with the FLSA, making Defendant Stuart J. Budd an employer pursuant to 29 USC § 203(d).

## III.   COVERAGE

7. During the all material times, Defendant Asset Monitoring was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

9. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.    FACTUAL ALLEGATIONS

10. Defendants own and operate Asset Monitoring Solutions, Inc., at which Plaintiffs were employed, in Miami-Dade County, Florida.

11. This action is brought pursuant to the FLSA for unpaid wage compensation, liquidated damages, and other relief.

12. Plaintiffs were non-exempt hourly employees who worked for Defendants as inside sales employees during the period from June and September 2016, approximately.

13. Plaintiffs were not paid for all hours worked throughout this period.

14. Evans is owed unpaid wages for approximately 80 hours of work, and Simmons is owed unpaid wages for approximately 48 hours of work.

15. Plaintiffs have repeatedly requested their pay owed for uncompensated work but have not been paid.

16. Defendants willfully engaged in practices that denied Plaintiffs the applicable Florida minimum wage of $8.05 per hour.

17. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

18. Plaintiffs reincorporate and re-allege paragraphs 1 through 17 as though set forth fully herein and further allege as follows:

19. Defendants willfully and intentionally refused to pay Plaintiffs for hours suffered or permitted in their employ.

20. By refusing to pay Plaintiffs for hours worked, Defendants owe Plaintiffs the full minimum wage for each hour worked up to forty hours in a week.

21. As a direct and proximate result of refusing to pay Plaintiffs for hours suffered or permitted in Defendants' employ, Plaintiffs have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs MARCUS EVANS and RODERICK SIMMONS demand judgment in their favor and against Defendants as follows:

   a) Award to Plaintiffs for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiffs liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

   c) Award to Plaintiffs reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

4

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted this 5th day of September, 2016.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **October 5, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

**EVANS & SIMMONS v. ASSET MONITORING SOLUTIONS, INC. & BUDD
CASE NO.:**

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808